UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust National Association, not in its individual capacity, but solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2022-RP2 | CIVIL ACTION NO: 1:25-cv-00285-SDN |
| **Plaintiff** | CONSENT JUDGMENT OF FORECLOSURE AND SALE |
| vs. | RE:<br>993 Main Road, Holden, ME 04429 |
| Charles W. Cox, Esq., Special Administrator of the Estate of Charles R. Adams, Sr. | Mortgage:<br>June 13, 2008<br>Book 11435, Page 247 |
| **Defendant** | |

Now comes the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2022-RP2, and the Defendant, Charles W. Cox, Esq., Special Administrator of the Estate of Charles R. Adams, Sr., and hereby submit this Consent Judgment of Foreclosure and Sale.

**JUDGMENT** on Count I – Foreclosure and Sale is hereby **ENTERED** as follows:

If the Defendant or his/her heirs or assigns pay U.S. Bank Trust National Association, not in its individual capacity, but solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2022-RP2 ("U.S. Bank") the amount adjudged due and owing ($112,556.49) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A §

6322, U.S. Bank shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket. The following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Principal Balance | $90,906.46 |
| Interest | $5,233.49 |
| Unpaid Late Charges | $137.83 |
| Escrow Advance | $2,603.15 |
| Advance Balance | $6,782.48 |
| Interest on Advances | $255.88 |
| Foreclosure Fees/Costs | $6,637.20 |
| Grand Total | $112,556.49 |

1. If the Defendant or his/her heirs or assigns do not pay U.S. Bank the amount adjudged due and owing ($112,556.49) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, his/her remaining rights to possession of the Holden Property shall terminate, and U.S. Bank shall conduct a public sale of the Holden Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $112,556.49 after deducting the expenses of the sale, with any surplus to the Defendant or the heirs or assigns, in accordance with 14 M.R.S.A. § 6324. U.S. Bank may not seek a deficiency judgment against the pursuant to the Plaintiff's waiver of deficiency.

2. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

3. The amount due and owing is $112,556.49 and the mortgage loan. Defendant is not personally liable, and accordingly this action does not seek personal

liability on the part of that Defendant, and this judgment shall act solely as an *in rem* judgment against the property.

4. U.S. Bank Trust National Association, not in its individual capacity, but solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2022-RP2 has first priority, in the amount of $112,556.49, pursuant to the subject Note and Mortgage and there are no parties in interest other than the Defendant who has second priority.

5. The prejudgment interest rate is 3.87500%, *see* 14 M.R.S.A. § 1602-B, and The post-judgment interest rate is 10.23%, pursuant to 14 M.R.S.A. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue December 2024, 4.23% plus 6% for a total post-judgment interest rate of 10.23%).

6. The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | U.S. Bank Trust National Association, not in its individual capacity, but solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2022-RP2<br>1100 North Market Street<br>Wilmington, DE 19801 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT |  |  |

Charles W. Cox, Esq., Special  Pro Se
Administrator of the Estate
of Charles R. Adams, Sr.
Russell, Johnson, Beaupain,
P.A.
175 Exchange Street, Ste. 200
Bangor, ME 04401

a) The docket number of this case is No. 1:25-cv-00285-SDN.

b) The Defendant, the only parties to these proceedings besides U.S. Bank, waives any issued regarding service.

c) A description of the real estate involved, 993 Main Road, Holden, ME 04429, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 993 Main Road, Holden, ME 04429.  The Mortgage was executed by the Defendant, Charles Adams on June 13, 2008.  The book and page number of the Mortgage in the Penobscot County Registry of Deeds is Book 11435, Page 247.

e) The Defendant, Charles W. Cox, Esq., Special Administrator of the Estate of Charles R. Adams, Sr., having failed to comply with the terms of the Note, the object of this litigation, is in breach of both the Note and Mortgage.

f) This judgment shall not create any personal liability on the part of the Defendant but shall act solely as an *in rem* judgment against the property, 993 Main Road, Holden, ME 04429.

Dated: September 4, 2025 /s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Dated: August 27, 2025 /s/ Charles W. Cox
Charles W. Cox
175 Exchange St
Suite 200
Bangor, ME 04401

**SO ORDERED**

**DATED THIS 11th DAY OF September, 2025**    /s/ Stacey D. Neumann
**U.S. DISTRICT JUDGE**